**STATE OF FLORIDA v. CITY OF MIAMI BEACH, a municipal corporation.**

18 So. (2nd) 785            ·       ·        June Term, 1944
July 25, 1944                                 Division A

*Stanley Milledge* and *H. Frost Bailey,* for appellant.
*Ben Shepard,* for appellee.

TERRELL, J.:

The City of Miami Beach filed its petition in the Circuit Court to validate a bond issue in three series as follows: (1) $920,000 to purchase Bay Shore Golf Course, (2) $500,000 to construct a water supply main, (3) $250,000 to construct sanitary sewer pumping facilities. The petition shows that the necessary resolution was duly adopted, a special election was called and advertised and all other necessary prerequisites to the validity of the election and the bonds were performed by the City.

It is also shown that there were 3273 qualified electors who were freeholders, eligible to vote in the special election for approving the bonds and that a total of 1710 electors actually participated in the election. To purchase Bay Shore Golf Course the vote was 1439 for and 190 against, total 1629. To construct the water supply main, the vote was 1602 for, 55 against, total 1657, to construct a sanitary sewer pumping system, the vote was 1583 for and 70 against, total 1653.

The State filed its answer to the petition in which it included a motion to dismiss so far as it attempted to validate the $920,000 golf course bonds on the ground that less than a majority of the qualified freeholders participated as to

them as required by Section Six, Article IX of the Constitution. The motion to dismiss was overruled and; a final decree was issued validating all three series of bonds. This appeal is from the final decree.

The question presented here is whether or not the first series of $920,000 in bonds to purchase Bay Shore Golf Course was approved by a qualified majority of the freeholders of the City as contemplated by Section 6, Article IX of the Constitution. No question is raised as to the regularity or validity of the second and third series of bonds.

Appellant contends that this question requires a negative answer and relies on State ex rel. Linebaugh v. City of Tampa, 137 Fla. 29, 187 So. 604; State v. Dade County, 144 Fla. 448, 198 So. 102; and Special Tax School District No. 3 of Dade County v. State, 153 Fla. 292, 14 So. (2nd) 405, to support this contention. In our view none of these cases conclude the point but statements in all of them may be considered as persuasive.

Section 6 of Article IX of the Constitution in substance requires that municipal and other bonds be approved by a majority of the votes cast in an election in which a majority of the freeholders who are qualified electors residing in the municipality participate.

In this case, it is shown that a majority of the freeholders who were qualified electors participated in the election but as to that part approving the purchase of the golf course bonds, a total of 1629 participated which was eight votes short of a majority of the 3273 qualified electors in the city. The chancellor proceeded on the theory that physical presence at the polls and voting on any one or more of the series of bonds constituted "participation" in the election as contemplated by the Constitution.

In State v. City of Tampa, supra, a majority of this Court including the chancellor below held that if a voter enters the polling place, he "participates" in the election to approve bonds as contemplated by Section 6, Article IX of the Constitution. In the case at bar more than a majority entered the polls and actually voted on one or more of the series of bonds while slightly less than a majority voted on the golf

course series. All three series were included in the same election so under the facts presented we conclude that more than a majority participated in the election and that the judgment below should be affirmed on authority of the last cited case.

In this holding, we do not overlook State v. Dade County and Special Tax School District No. 3 of Dade County v. State, supra. The facts in both these cases are materially different from those in the case at bar.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.